UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THIRD WORLD MEDIA, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 12-10947-FDS |
| DOES 1 - 21, | ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

This case is one of a number of similar copyright infringement actions filed in this court by adult film producers against large numbers of unnamed "Doe" defendants.[1] The plaintiffs' claims and filings are virtually identical in all of these cases, and they have been brought by the same attorney. The strategy implemented by these plaintiffs has been to file mass copyright infringement lawsuits against "Doe" defendants known only by their IP addresses, alleging that a person associated with each IP address illegally reproduced a pornographic film using BitTorrent file sharing technology as part of single "swarm." Plaintiffs then move for expedited discovery of the information identifying the defendants by means of Rule 45 subpoenas served on the relevant Internet Service Providers ("ISPs").

In a number of cases, district courts have exercised their discretion under Fed. R. Civ. P. 20 to sever and dismiss the action against all of the "Doe" defendants but one. This Court issued

---

[1] *See, e.g., New Sensations, Inc. v. Does 1 - 83,* 12-cv-10944 (D. Mass.); *New Sensations, Inc. v. Does 1 - 175,* 12-cv-11721 (D. Mass.); *SBO Pictures v. Does 1-41*, Case No. 12-cv-10804 (D. Mass.); *PW Productons, Inc. v. Does 1 - 19*, Case No. 12-cv-10814 (D. Mass.); *Paradox Pictures v. Does 1 - 20*, 12-cv-10815 (D. Mass.); *Third Degree Films v. Does 1-72*, Case No. 12-cv-10760 (D. Mass.).

an order directing plaintiff to show cause why it should not do the same here.

Because, after reviewing plaintiff's response to that order, the Court finds that joinder in such a case is neither proper under Rule 20(a), nor advisable pursuant to the factors under 20(b), the Court will exercise its discretion under Rule 21 and sever all of the "Doe" defendants except "John Doe #1." Plaintiff will be permitted to refile against each of the other defendants in separate actions if it so elects.

## I.     Background

### A.     Factual Background

Plaintiff, Third World Media, LLC ("TWM") is a California corporation and the owner of the copyright for the motion picture "Shemale Samba Mania #44." (Compl. ¶ 8). TWM alleges that each of the 83 "Doe" defendants has infringed TWM's copyright by "reproduc[ing] and/or distribut[ing] to the public . . . at least a substantial portion of the Motion Picture." (*Id*. at ¶ 19). TWM alleges that other infringers using defendants' Internet accounts through the BitTorrent network also have illegally reproduced the copyrighted work. The "Doe" defendants are unknown to TWM, other than by the IP address assigned to him or her by an ISP.

BitTorrent technology facilitates large data transfers across so-called "peer-to-peer" ("P2P") networks at high speeds. (Compl. ¶ 9). When the first file-provider decides to share a file ("seed") with a BitTorrent network, the protocol breaks that single large file into a series of smaller pieces. *Brown v. Thames*, 2011 U.S. Dist. LEXIS 82746, *5-6 (C.D. Cal. June 15, 2011). Then, when a new network user ("peer") downloads the large file, the file is assembled by combining a different piece of the data from each peer who has already downloaded the file. (Compl. ¶ 9). This differs from traditional P2P network downloading, in that the entire file does

not simply copy from one user to another.  As additional peers request the same exact file, they become part of the same network, which is called a "swarm." (*Id.*).  Every member of the swarm has the same version of the seed file on his or her computer and, when connected to the network, is contributing a piece of that file to any peer who is then downloading the copyrighted material. (*Id.*).

TWM alleges that the "Doe" defendants are all part of the same swarm, exchanging the same file containing TWM's copyrighted work.  (Compl. ¶ 11; Pl. Resp. at 2).  According to the complaint, a device connected to each of the IP addresses identified in Exhibit A to the complaint has downloaded a file containing the copyrighted work with "the same exact hash mark (a 40-character hexadecimal string which through cryptographic methods clearly identifies the [file], comparable to a forensic digital fingerprint)."  (Compl. ¶ 11; Compl. Ex. A).  At TWM's request, Copyright Enforcement Group, LLC ("CEG") utilized its file-sharing forensic software to obtain the IP addresses that were used by swarm members, that is, where the hash-marked file was downloaded.   (Compl. Ex. B ¶ 35).  CEG further utilized geo-location software and tracking data to determine that the IP addresses of the "Doe" defendants are likely within the relevant geographic location of the Court.  (Compl. ¶ 14).

TWM alleges that the "Doe" defendants in this case "engaged in a series of related transactions, because they all downloaded the exact same file (not just the same copyrighted work), within a limited period of time . . . and because in order to download a movie (or parts of it), one must permit other users to download and/or upload the file from one's own computer." (Compl. ¶ 13).

B.    **Procedural Background**

On May 26, 2012, TWM commenced this action against 21 unnamed "Doe" defendants. On June 4, TWM filed an emergency motion for discovery seeking permission to serve Rule 45 subpoenas on ISPs of the listed IP addresses. The subpoenas were intended to obtain from the ISP information sufficient to identify each defendant, including name, address (present and at the time of infringement), e-mail address, and Media Access Control ("MAC") address. (Pl. Em. Mot. ¶ 1). On June 7, Judge Saris granted that motion. Since that date, a number of defendants have apparently been identified, and some of them have filed separate motions to quash the subpoena. In addition, some defendants have apparently settled with TWM.

On September 26, 2012, this Court issued an order directing TWM to show cause why the Court should not sever all of the "Doe" defendants but one on the grounds that the infringement claims do not arise out of the same transaction or occurrence as required for permissive joinder under Fed. R. Civ. P. 20(a)(2).

**II.    Analysis**

A.    **Permissive Joinder Under Rule 20(a)(2)**

Pursuant to Fed. R. Civ. P. 20(a)(2), permissive joinder of defendants is proper if the following two conditions are satisfied: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." There is no question that there exist at least some questions of law or fact common to all defendants. The issue, therefore, is whether defendants' alleged downloading and uploading conduct arises out of the same "transaction or occurrence."

There is not, as of yet, a clearly established rule in the First Circuit as to what constitutes the same "transaction or occurrence" for purposes of joinder under Rule 20(a). In a recent decision in this district, Judge Young applied the "logical relationship" test as articulated by the Federal Circuit in *In re EMC*. That test deems individual claims to arise from the same transaction or occurrence if the "infringing acts . . . share an aggregate of operative facts." *Id.* at 1358. However, that test must be constrained by the established principle that joinder is not proper simply because defendants allegedly "committed the exact same violation of the law in exactly the same way." *New Sensations, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 142032 (N.D. Cal. Oct. 1, 2012) (quoting *Pac. Century Int'l Ltd. v. Does 1-101*, 2011 U.S. Dist. LEXIS 73837, at *4 (N.D. Cal. Jul. 8, 2011)).

District courts dealing with the issue of joinder in the context of similar cases have issued reasoned decisions on both sides. *See Next Phase Distrib., Inc. v. Does 1-27*, 2012 U.S. Dist. LEXIS 107648, at *6-12 (S.D.N.Y. July 31, 2012) (describing in more detail the district court split). Courts in this district have been generally disinclined to find joinder improper under the application of Rule 20(a), but have nonetheless exercised their discretion to sever and dismiss the claims. *See, e.g., Third Degree Films v. Doe*, 2012 U.S. Dist. LEXIS 142079 (D. Mass. Oct. 2, 2012) ("ground[ing] its determination to sever the Doe defendants in this action and like actions on a basis squarely within the Court's expertise: fundamental fairness and justice to all parties"). This Court will analyze the issue under both an objective Rule 20(a) "transaction or occurrence" test and a discretionary "fundamental fairness" test.

Plaintiff contends that the nature of the BitTorrent swarm alone should be enough to meet the "logical relationship" test. It further contends that every defendant understands how the

5

BitTorrent systems works, and, therefore, in order to keep it viable, he or she logs on to redistribute copies of the movies he or she has downloaded.  (Pl. Resp. 5).  Courts in other districts have rejected this very argument for a number of reasons.  *See, e.g., New Sensations, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 142032, 20-21 (N.D. Cal. Oct. 1, 2012) (noting that "the trend in [that] District has been to find joinder improper in P2P file sharing cases where the alleged commonality is only that the defendants participated in the same swarm.").  These cases aptly point out that when the alleged swarm is made up of hundreds, if not thousands, of individuals, including many outside the district who are not part of the litigation, it is very difficult to show that every "Doe" defendant joined uploaded to or downloaded from even one of the other "Doe" defendants before the court.  *See Third Degree Films*, 2012 U.S. Dist. LEXIS 142079 at *6-7 (acknowledging the "substantial merit" of this argument).  Indeed, plaintiff acknowledges this very real possibility and makes no effort to persuade the Court that it can show otherwise.  (Pl. Resp. at 5).  When it cannot be shown that the joined defendants even interacted with each other, the charges of similarity collapse into impermissible arguments that defendants committed the same act in the same way.  Plaintiff seems to acknowledge this, admitting "(e)ven if there is not an actual exchange of files between initial participants of the swarm and later participants, *they all commit the same infringing activity*."  Unfortunately for plaintiff, the law does not permit joinder on this basis.

      Even assuming that it can be demonstrated that each "Doe" defendant was online and interacted with at least one other "Doe" defendant who is before the court, there are other factors that demonstrate the dissimilarity of the operative facts as to each "Doe" defendant.  As has already played out in this and other similar cases on the Court's docket, the "Doe" defendants

that have begun to raise defenses have done so individually, on the basis of specific, particularized facts.[2] The particular facts of each defense are central to the claim against that particular Doe defendant; put another way, these are distinct operative facts. This is especially true given the experience in many cases that have progressed further into discovery that the account holder for a given IP address is not even the correct defendant (that is, not the computer user).

For the above reasons, the Court finds that the plaintiff has not pleaded facts demonstrating that "Doe" defendants' infringing acts were part of the same "transaction or occurrence" for the purposes of joinder under Rule 20(a). Therefore, the claims will be severed and dismissed against all defendants except John Doe #1.

### B.     Protective Measures Under Rule 20(b) and Discretion Under Rule 21

Pursuant to Fed. R. Civ. P. 20(b), the Court has broad discretion to "issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice." In addition, pursuant to Fed. R. Civ. P. 21, the Court has discretion to "sever any claim against any party."

As to these mass copyright infringement actions, some courts in this district have exercised their discretion to sever in the interests of "justice and fundamental fairness." *See, e.g., Third Degree Films*, 2012 U.S. Dist. LEXIS 142079 at *7 n. 11. The Court notes that Judge

---

[2] *See, e.g.,* Defendant Doe No. 20's Motion to Quash Subpoena Under Red. R. Civ. . 45, or in the Alternative to Sever Pursuant to Fed. R. Civ. P. 21 at 1 (asserting that "there are no facts supporting allegations that Doe No. 20 ever engaged in the illegal copying of Shemale Samba Mania #44."). *See also Third Degree Films*, 2012 U.S. Dist. LEXIS 142079 at *8 ("Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed . . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants. Joinder is improper.") (quoting *BMG Music v. Does 1-203*, 2004 U.S. Dist. LEXIS 8457 at *1 (E.D. Pa. Apr. 2, 2004)).

7

Young, who issued the opinion that initially found joinder proper and opened the floodgates to these cases, has, "upon further reflection and a deeper understanding of the policy issues at play," exercised his discretion to sever the claims against the various defendants. *Id.* at *5.

Plaintiff nonetheless maintains that discretionary severance is not prudent here for several reasons. First, plaintiff argues that the joinder of all "Doe" defendants in one action promotes judicial economy. However, as described above, and as evidenced by the various motions to quash by defendants who have been served, the Court would effectively have to adjudicate this mass action through a series of mini-trials based on individualized factual defenses. Furthermore, any efficiency gained in the early stages would be lost in the time it would take the Court to sort through the later filings and proceed in a fair and rational fashion. Second, plaintiff contends (citing one anomalous filing in a similar case) that some defendants may not want to be severed. To the extent that this is a relevant consideration here, the Court finds that severance is in the best interest of the substantial majority of present (and future) defendants in these actions. Third, plaintiff contends that the Court should not presume bad faith on the part of plaintiff or its counsel in commencing this litigation or in attempts to settle with individual "Doe" defendants. Although the Court notes that the tactics of counsel have been criticized in other cases, the Court makes no finding that such bad faith has been exercised here, and so does not consider this factor.[3] Finally, plaintiff contends that "piracy wins" if the Court severs the defendants. Undoubtedly, the Internet, particularly high-speed peer-to-peer file sharing, presents new challenges for the copyright laws. However, this Court is not persuaded

---

[3] *See Third Degree Films*, 2012 U.S. Dist. LEXIS 142079 at *1-4, *33-34 (describing the extortionate litigation as a "new business model" and providing more detail as to precise tactics, including examples from recent cases).

that plaintiff will have no legal or technological protection whatsoever from infringement should the Court exercise its discretion and sever the defendants.

Accordingly, the Court finds that the interests of justice and judicial economy would best be served if this matter were dismissed as to all defendants but one, without prejudice to the refiling of individual claims against each defendant.

### III. Conclusion

For the foregoing reasons, the claims against all of the "Doe" defendants are severed and all claims, except those against "Doe #1," are hereby DISMISSED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated:  November 5, 2012